UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SASHA GOMEZ,

      Plaintiff,                                 **JURY TRIAL DEMANDED**

     v.

FOREVA JENS, INC., a Florida corporation d/b/a
GINGER BAY CAFÉ, JAZMINE JONES, an individual,
SHARON JONES, an individual, and NOEL JONES,
an individual,

      Defendants.
_____/

## **COMPLAINT FOR DAMAGES**

Plaintiff, SASHA GOMEZ ("GOMEZ") by and through undersigned counsel, sues the Defendants, FOREVA JENS, INC., a Florida corporation d/b/a GINGER BAY CAFÉ, (hereinafter, "GINGER"), JAZMINE JONES, (hereinafter, "J. JONES"), SHARON JONES, (hereinafter, "S. JONES"), and NOEL JONES, (hereinafter, "N. JONES"), states as follows:

## **INTRODUCTION**

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110.

## **JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28

U.S.C. §1331. During the period the Plaintiff was employed by Defendants, the corporate Defendant, GINGER was an enterprise engaged in interstate commerce. During the period the Plaintiff was employed by Defendants, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants operated a restaurant and bar. Plaintiff's and other employees' work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce. Specifically, the Plaintiff and other employees regularly and recurrently handled food, drinks, restaurant supplies, and other good or materials that were originally manufactured outside the State of Florida.

4. During the Plaintiff's employment with Defendants, the Plaintiff was "engaged in commerce or in the production of goods for commerce," or Defendants had the Plaintiff and other "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i).

5. During the period of the Plaintiff's employment, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00 in accordance with §203(s)(1)(A)(ii).

6. The Plaintiff is also individually covered by the FLSA. During the relevant time period, the Plaintiff regularly and recurrently used instrumentalities of interstate commerce, including credit cards in her work. On average of about 10 times per day, sometimes more—sometimes less, the Plaintiff processed customer credit card payments related to the sale of food, beverages and other

items at the Defendants' restaurant and bar. Upon information and belief such credit card transactions involved instrumentalities of interstate commerce (i.e. interstate bank transactions).

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

8. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

9. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

   b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

10. At all times material hereto, Plaintiff, GOMEZ was a resident of Hallandale, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

11. While the Plaintiff was employed by Defendants, the Defendants were conducting business at 1908 Hollywood Boulevard, Hollywood, Florida, in Broward County.

12. While the Plaintiff was employed at Ginger Bay Café, , Defendants were the employers of Plaintiff, GOMEZ within the meaning of the FLSA and the Florida Minimum Wage Amendment and Article X, §24 of the Florida Constitution, (FMWA).Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

13. The Fla. Const. Art. X, §24 adopts the FLSA's definition of "employee."

14. During the Plaintiff's employment with Defendants, Defendants knowingly and willfully failed to pay Plaintiff, GOMEZ her earned wages in conformance with the FLSA.

15. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. On or about January 30, 2019, the Plaintiff was hired by the Defendants as a waitress at the Defendants' restaurant Ginger Bay Café. Her employment ended about February 1, 2020.

19. The Defendants generally paid Plaintiff either $25.00 per 7-hour shift, or $40.00 for each 10 or 13-hour shift.

20. During Plaintiff, GOMEZ' employment, Defendants failed to pay the Plaintiff at or above the minimum wage for all hours worked.

21. During Plaintiff, GOMEZ' employment, she was not permitted to retain all her tips, and was required to share them with employees that were not in a tipped occupation.

22. In addition, Plaintiff, GOMEZ worked in excess of forty hours per week, but was not paid the required overtime rate.

23. The Plaintiff was not permitted to retain all the tips she received from customers or share her tips only with employees who regularly and customarily receive tips, as defined by 29 U.S.C. §203(m).

24. Defendants required the Plaintiff to share her tips with Defendants' chef and dishwashers who were not eligible to share in the Plaintiff's tips.

25. Defendants required the Plaintiff to pay for her uniform for work, in violation of the FLSA and FMWA.

26. Defendants required the Plaintiff to pay for customers who walked out without paying their check, in violation of the FLSA and FMWA.

27. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by Plaintiff in conformance with the applicable law.

28. Defendants, N. JONES was a supervisor and or manager/owner who was involved in the day-to-day operations of the Defendant corporation and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the violations set forth in this Complaint.

29. Defendant J. JONES was a supervisor and or manager/owner who was involved in the day-to-day operations of the Defendant corporation and/or was directly responsible for the supervision of Plaintiff. Therefore, she is personally liable for the violations set forth in this Complaint.

30. Defendant S. JONES was a supervisor and or manager/owner who was involved in the day-to-day operations of the Defendant corporation and/or was directly responsible for the supervision of Plaintiff. Therefore, she is personally liable for the violations set forth in this Complaint.

31. Defendant N. JONES was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

32. Defendant J. JONES was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

33. S. JONES was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

34. Defendants failed to properly disclose or inform Plaintiff of her rights under the FLSA and/or the Florida Constitution, Art. X, §24.

35. Defendants failed to information the Plaintiff of the information required by 29 U.S.C. 203(m), which also applies under the FMWA.

36. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation, and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

37. Plaintiff, GOMEZ realleges Paragraphs 1 through 36 as if fully stated herein.

38. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

39. Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

40. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

41. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

42. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

43. Due to the intentional and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

   a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

   b. Awarding Plaintiff overtime compensation in the amount calculated;

   c. Awarding Plaintiff liquidated damages in the amount calculated;

   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Plaintiff post-judgment interest; and

   f. Ordering any other and further relief this Court deems to be just.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

44. Plaintiff realleges Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

45. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

46. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

47. Plaintiff was paid below the applicable minimum wage for her work hours.

48. During the Plaintiff's employment with Defendants, she received tips from customers.

49. Tips from customers cannot be used to meet an employers' legal obligation to pay an employee a direct hourly wage.

50. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

51. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. recoupment of all tips improperly kept or misappropriated by Defendants;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

52. Plaintiff, GOMEZ realleges Paragraphs 1 through 36 as if fully stated herein.

53. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

54. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for all of her work hours.

55. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to her back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

g. Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h. recoupment of all tips improperly kept or misappropriated by Defendants;

i. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 25, 2020.

                                              Respectfully submitted,
                                              BOBER & BOBER, P.A.
                                              Attorneys for Plaintiff
                                              2699 Stirling Road, Suite A-304
                                              Hollywood, FL 33312
                                              Phone: (954) 922-2298
                                              Fax: (954) 922-5455
                                              samara@boberlaw.com

                                              By./s/. Samara R. Bober, Esq.